## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Vernice A. Stewart <br>                     Debtor | | CHAPTER 13 |
| MIDFIRST BANK <br>                     Movant <br> vs. | | NO. 19-10761 MDC |
| Vernice A. Stewart <br>                     Debtor <br><br> Thomas Stewart <br><br>                   Co-Debtor | | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq. <br>                   Trustee | | |

### **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition advances on the mortgage held by the Movant on the Debtor's residence is **$2,270.78,** which breaks down as follows;

Advanced Taxes (March 2019):    $62.19
Advanced Insurance (March 2019): $307.00
Advanced Taxes (April 2019): $594.59
Advanced Insurance (May 2019): $276.00
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Advances:    $2,270.78**

2. The Debtor(s) shall cure said advances in the following manner;

   a) Beginning on July 1, 2019 and continuing through December 1, 2019, until the advances are cured, Debtor(s) shall pay an installment payment of **$378.47 from July 2019 to November 2019 and $378.43 for December 2019** towards the advances on or before the last day of each month at the address below;

   MIDLAND MORTGAGE
   999 N.W. Grand Boulevard, Suite 100
   Oklahoma City, OK 73118-6116

   b) On or before February 14, 2020, Debtor shall provide proof of all necessary property insurance to Movant that provides coverage for the period beginning March 16, 2020.

   c) Maintenance of property taxes and property insurance thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  June 14, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 6/20/2019

David M. Offen, Esquire
Attorney for Debtors

Date: 6/28/19

William C. Miller, Esquire
Chapter 13 Trustee

*No position*

*without prejudice to any trustee rights or remedies*

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline C. Coleman