# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Vernice A. Stewart | Debtor | CHAPTER 13 |
| MIDFIRST BANK | Movant | |
| vs. | | NO. 19-10761 MDC |
| Vernice A. Stewart | Debtor | |
| Thomas Stewart | Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq. | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition advances on the mortgage held by the Movant on the Debtor's residence is **$2,945.78**, which breaks down as follows;

Advanced Taxes (March 2019): $62.19
Advanced Insurance (March 2019): $307.00
Advanced Taxes (April 2019): $594.59
Advanced Insurance (May 2019): $276.00
Fees & Costs Relating to Motion: $1,031.00
Post Petition Fees, Expenses and Charges: $675.00
**Total Post-Petition Advances: $2,945.78**

2.    This Stipulation supersedes the stipulation approved on July 17, 2019 as document 25.

3.    The Debtor shall cure said advances in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition advances of **$2,945.78.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition advances of **$2,945.78** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

d). Maintenance of property taxes by Debtor thereafter.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. On or before February 14, 2020, Debtor shall provide proof of all necessary property insurance to Movant that provides for coverage for the period beginning March 16, 2020. Debtor shall thereafter maintain ongoing property insurance.

6. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation or the terms of Section 5 are not followed, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 4, 2019　　　　　　　　　By: /s/ Rebecca A. Solarz, Esquire
　　　　　　　　　　　　　　　　　　　　Attorney for Movant

Date: October 4, 2019　　　　　　　　　David M. Offen, Esquire
　　　　　　　　　　　　　　　　　　　　Attorney for Debtors

Date: 6/18/19

William C. Miller, Esquire
Chapter 13 Trustee

**NO OBJECTION**
without prejudice to any trustee rights or remedies

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline C. Coleman