## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Vernice A. Stewart | CHAPTER 13 |
| <u>Debtor</u> | |
| MIDFIRST BANK | |
| <u>Movant</u> | |
| vs. | NO. 19-10761 MDC |
| Vernice A. Stewart | |
| <u>Debtor</u> | |
| | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq. | |
| <u>Trustee</u> | |

## <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition advances on the mortgage held by the Movant on the Debtor's residence is **$1,383.00,** which breaks down as follows;

Insurance Paid on March 19, 2020 in the amount of $307.00
Insurance Paid on May 4, 2020 in the amount of $276.00
Taxes Paid on July 29, 2020 in the amount of $25.00
Fees and Costs related to Certification of Default in the amount of $250.00 Post-Petition Mortgage Fees, Expenses, and Costs filed on 5/15/2020 for $525.00
**Total Post-Petition Advances:        $1,383.00**

2.      Further, as of January 12, 2021, Debtor is/was owing $994.27 in School Taxes to the City of Chester.

3.      The Debtor shall cure said advances in the following manner:

a). Beginning on March 1, 2021 through July 2023, on or before the end of each month, Debtor shall pay to Movant $48.00  per month for March 2021 through June 2023 and $39.00 for July 2023 towards the $858.00 listed above.

b). With regards to the $994.27, Debtor represents that she is in a repayment plan directly with the City in which she is paying $200 per month as of January 2021 until the delinquent taxes are paid in full.  Debtor agrees to send each proof of payment made to the City to Movant's counsel within seven (7) days of making the payment.

c).  Ongoing maintenance of property taxes and current homeowner's insurance by Debtor.

4.      Should Debtor provide sufficient proof of payments made to Movant, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3(a) above are not tendered pursuant to the terms of this stipulation or proof of payments are not sent to Movant's counsel as required by Section 3(b), or the terms of Section 5 are not followed, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.      In the event the terms under Section 3(c) above are not followed, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7.      If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.     The parties agree that a facsimile signature shall be considered an original signature.


Date: February 24, 2021                    By: */s/ Rebecca A. Solarz, Esquire*
                                           Attorney for Movant


Date:  *March 12, 2021*                     */s/ David M. Offen, Esquire*
                                           David M. Offen, Esquire
                                           Attorney for Debtors

                                            No Objection

Date:  March 16, 2021                       /s/ LeeAne O. Huggins
                                           William C. Miller, Esquire
                                           Chapter 13 Trustee



Approved by the Court this _____ day of _____, 2021.  However, the court
retains discretion regarding entry of any further order.




                                           _____
                                           Bankruptcy Judge
                                           Magdeline C. Coleman