United States Bankruptcy Court

Eastern District of Pennsylvania

| In re: | Case No. 19-10761-mdc |
|---|---|
| Vernice A Stewart | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Mar 18, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 20, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Vernice A Stewart, 820 Elsinore Place, Chester, PA 19013-6222 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 20, 2021             Signature:        /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 18, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DAVID M. OFFEN | on behalf of Debtor Vernice A Stewart dmo160west@gmail.com  davidoffenecf@gmail.com;offendr83598@notify.bestcase.com |
| REBECCA ANN SOLARZ | on behalf of Creditor MIDFIRST BANK bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com  philaecf@gmail.com |

TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Vernice A. Stewart <br> _Debtor_ | CHAPTER 13 |
| MIDFIRST BANK <br> _Movant_ <br> vs. | NO. 19-10761 MDC |
| Vernice A. Stewart <br> _Debtor_ | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq. <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition advances on the mortgage held by the Movant on the Debtor's residence is **$1,383.00,** which breaks down as follows;

Insurance Paid on March 19, 2020 in the amount of $307.00
Insurance Paid on May 4, 2020 in the amount of $276.00
Taxes Paid on July 29, 2020 in the amount of $25.00
Fees and Costs related to Certification of Default in the amount of $250.00 Post-Petition Mortgage Fees, Expenses, and Costs filed on 5/15/2020 for $525.00
**Total Post-Petition Advances:    $1,383.00**

2. Further, as of January 12, 2021, Debtor is/was owing $994.27 in School Taxes to the City of Chester.

3. The Debtor shall cure said advances in the following manner:

    a). Beginning on March 1, 2021 through July 2023, on or before the end of each month, Debtor shall pay to Movant $48.00 per month for March 2021 through June 2023 and $39.00 for July 2023 towards the $858.00 listed above.

    b). With regards to the $994.27, Debtor represents that she is in a repayment plan directly with the City in which she is paying $200 per month as of January 2021 until the delinquent taxes are paid in full. Debtor agrees to send each proof of payment made to the City to Movant's counsel within seven (7) days of making the payment.

    c). Ongoing maintenance of property taxes and current homeowner's insurance by Debtor.

4. Should Debtor provide sufficient proof of payments made to Movant, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3(a) above are not tendered pursuant to the terms of this stipulation or proof of payments are not sent to Movant's counsel as required by Section 3(b), or the terms of Section 5 are not followed, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. In the event the terms under Section 3(c) above are not followed, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

    10.    The parties agree that a facsimile signature shall be considered an original signature.

Date: February 24, 2021

By: */s/ Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: *March 12, 2021*

*/s/ David M. Offen, Esquire*
David M. Offen, Esquire
Attorney for Debtors

No Objection

Date: March 16, 2021

/s/ LeeAne O. Huggins
William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this __18th__ day of _____March_____, 2021. However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge